UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

**Case Number:  07-22308-CIV-MORENO**

SHIRLEY DAVIES and JOSEPH MCDOWELL, as Co-Personal Representatives of the ESTATE OF HELEN DIETZEL and on behalf of RONALD DIETZEL, individually, the surviving spouse of HELEN DIETZEL; DORIS W. BRYANT, individually as as Personal Representative of the ESTATE OF HAYWARD BRYANT, SR.; RUBY HOLLIMAN, individually and as Personal Representative of the ESTATE OF ULYSEE HOLLIMAN; MARY PAOLINA, individually and as Personal Representative of the ESTATE OF LOUIS PAOLINA; ARTHUR D. WRIGHT, individually and as Personal Representative of the ESTATE OF ANN CAROL WRIGHT,

    Plaintiffs,
vs.

R.J. REYNOLDS TOBACCO COMPANY, a foreign corporation; PHILIP MORRIS, INC., a foreign corporation; LORILLARD TOBACCO COMPANY, a foreign corporation; LIGGETT GROUP LLC, (f/k/a Liggett Group, Inc., f/k/a Liggett & Myers Tobacco Company); and VECTOR GROUP LTD., INC. (f/k/a Brooke Group, Ltd.), a foreign corporation,

    Defendants.
_____/

**FINAL ORDER OF REMAND**

Before the Court is the Plaintiffs' Motion to Remand **(D.E. No. 4)**, filed on **September 5, 2007**. The issue presented is whether Defendant Vector Group, Ltd. ("Vector") defeats diversity jurisdiction. Two other district judges in the Southern District of Florida, Judge King and Judge Middlebrooks, have previously remanded cases involving Vector that presented allegations identical

to those set forth in the present Complaint.  See Orlando Alonso, et al. v. RJ Reynolds Tobacco Co., et al., No. 07-22252-CIV-KING (Sept. 11, 2007); Brown, et al. v. RJ Reynolds Tobacco Co., et al., No. 07-60432-CIV-MIDDLEBROOKS/JOHNSON (Aug. 22, 2007); Miller, et al. v. RJ Reynolds Tobacco Co., et al., No. 07-21274-CIV-KING/GARBER (Aug. 17, 2007).  The above-styled action involves the same Defendant at issue, Vector, which has its principal place of business in Florida and defeated diversity jurisdiction in the aforementioned cases.  This Court elects to follow the decisions of Judge King and Judge Middlebrooks and finds that Defendant Vector Group, Ltd. was not fraudulently joined.  Therefore, the essential diversity of citizenship requirement has not been met to establish federal jurisdiction in this Court.  Plaintiffs' Motion to Remand to state court for further proceedings is granted.

**DISCUSSION**

Removal statutes are strictly construed, and there is a presumption in favor of remand. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).  Where a plaintiff objects to a defendant's petition for removal, the removing party bears the burden of establishing jurisdiction, and "the burden is a heavy one."  Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  Diversity jurisdiction requires complete diversity; each plaintiff must be diverse from each defendant.  Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1355 (11th Cir. 1996).  The doctrine of fraudulent joinder provides an exception to the requirement of complete diversity.  Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).  Under a fraudulent joinder theory, because Defendant Vector is a citizen of Florida, Defendants must prove that "there is no possibility the plaintiffs can establish a cause of action against" Vector

"by clear and convincing evidence." Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006).

This Court follows the decisions in Miller, Brown, and Alonso in finding that, when viewed in the light most favorable to the Plaintiffs, there is a possibility that Vector is an appropriate Defendant under Engle v. Liggett Group, Inc., et al., 945 So. 2d 1246 (Fla. 2006) as a liable successor to Defendant Brooke Holding Group and as Defendant Liggett's alter ego. The Defendants have not met their heavy burden of establishing complete diversity to allow this Court to exercise jurisdiction.

Accordingly, Plaintiffs' Motion to Remand is granted. The case shall be remanded to state court. The Clerk of the Court is ordered to transfer this case and the court file to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk of the Court shall close the case. All pending motions are denied as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of September, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Parties and Counsel of Record